Judge Mills
delivered tho Opinion of tbo Court.
The complainant borrowed of the tie-^en^ant a sum paper of the Bank of the Commonwealth, and delivered a negro slave, asa security therefor, by way of' mortgage. The slave staid with the defendant two years and three months, and then by some means came to the possession of the complainant ; against whom the defendant brought detinuéforthe slave and recovered a judgment, to enjoin which this bill was filed, alleging the contract was usu rious, and praying that the Amount loaned might bo scaled, and the hire deducted therefrom, and the1 slave reclaimed; which was decreed by the court, and from that decree the defendant lias appealed.
It is unnecessary to say any thing about the controversy between the parties, as to whether this was a mortgage or conditional sale. For the writing, as *249 well as the parol proof demonstrate it to be a mortgage, and the decree, in amount, is more favorable to the appellant than it ought to have been, and would not be disturbed, if the court had ended the controversy, by providing for carrying the decree into effect certainly, and had not left it to contingencies to be settled by the parties in pias.
Wh.en there is a judgment at law, there need be node, cree in personam.
Erroneous decree of the circuit couyt.
tion and tq redeeiT¡tll£i proper ptiqns for .. .. paving judgment at Jw, dprtgagiw’cojhes wlttiffiis bill riniunc-
First, there is a positive decree against the complainant, in favor of the defendant for the balance clue, which the defendant did not ask, and did not need, as his judgment at law was security enough.
It is next decreed that if the complainant should pay it by a future day not in term time, deducting the costs, then the boy should be redeemed, and the injunction be made perpetual. And if lie failed, then the mortgage should be foreclosed and the slave sold, and a commissioner appointed for that purpose.
Who was to s,ee whether these conlinm pr had not happened, and determine/(w, injunction had become perpetual, andXfch deemed; or whether the mortgage wajpt closed and the slave sold, is not told, agf found out. This all was the business of_t Itself.
be fixed and ascertained by the decree, and provision made, that if that sum with costs, was paid or tendered by a certain day in the next term, then the injunction should be perpetuated and the slave redeemed, and the defendant’s claim released. If on the approach of that day, the compláinant should show that the money was paid, or that the money was tendered and refused, and the money brought into court, then such decree should be entered as promised by the first interlocutory decree. If, on the contrary, the money should not be paid or tendered, the court should direct the slave to be surrendered to a commissioner, by the complainant, to be sold, for the purpose of discharging the balance which would he equitable, and on a failure, that the injunction be dissolved, and the bill dismissed. If The amount tp he paid by the com' ’ *250 tins surrender was made, then to perpetuate the injunction, and decree and sale accordingly. But if 'iieither money nor slave could be got from the complainant, then all relief should ‘be refused, by dis'solving the injunction, and dismissing the bill.
Paper currency being scaled, the value of it bears interest till paid.
Costs allowed complainant, incurred in his suit to redeem and enjoin mortgagor’s judgment at law.
Substantial error appearing on both sides; costs denied in this court.
Wickliffe, for appellant; Triplett and Depew, for appellee*.
As the decree must be reversed for the purpose of coming at a proper decree, we must notice an error-committed by the court below, against the complainant. Scaled by the rate of exchange proved at the date of the loan, the $300 in notes, were equal to $196 08 in specie. The interest thereon, while the defendant held, -the slave, is $26 46— amounting to $222 54. The hire of the slave for the same time, as agreed by the bill and answer, was equal to $5 per month, making for the twenty seven months, $135; which, deducted from the principal and legal interest on the loan, due at the same time, leaves only $87 54 due the defendant, hearing interest from the 25th December, 1823, till paid; when the court below has decreed him $-í 16.
The complainant will be entitled to his costs in chancery, and the defendant his costs at law, as there is a balance due to him. When these are set off, one against the other, the balance, if any, ought to be set down in favor of him who has the excess, and in this mode the account ought to he settled.
The decree must therefore be reversed, and the cause remanded for such decree and proceedings as may accord with this opinion. But as there has been substantial error detected on both sides, each party must bear his own costs in this court.